# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4802 | **DATE** | 4/11/2011 |
| **CASE TITLE** | Al-Sadun vs. DCFS, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motions to dismiss [43] [47] are granted. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Abdul Karem Al-Sadun, a prisoner in the Northeast Ohio Correctional Center in Youngstown, Ohio, filed an amended pro se complaint under 42 U.S.C. § 1983 and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §2000bb et seq., against defendants, Illinois Department of Children and Family Services (DCFS), "Kathy, Supervisor, DCFS" (Mary Katherine Robinson, Child Welfare Specialist), and "Robin, Case Worker, DCFS" (Robyn Quartetti, Child Welfare Specialist). Plaintiff alleges defendants deprived him of his constitutional right to religious freedom by failing to observe his religious and cultural beliefs when placing his daughters in foster care. Defendants now move to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff files no response. For the reasons stated below, defendants' motions to dismiss are granted.

## I. FACTS

Plaintiff alleges that sometime in 2000, DCFS conducted an investigation for alleged child abuse of his children. Thereafter, an order of protection was entered against plaintiff, and DCFS placed his three daughters, Maalie, Hanadie, and Jasmin, in foster care. In his original complaint, plaintiff claims these events occurred in 2002.

Plaintiff further alleges that DCFS placed his daughters with a non-Muslim foster family against the repeated requests of plaintiff and his wife, Soad Al-Sadun. Plaintiff asserts the necessity of placing his daughters with a Muslim family was to reinforce the Muslim values plaintiff and his wife attempted to instill in their daughters. Plaintiff claims he made such requests for religious accommodation to Quartetti, a case worker with DCFS, but claims that Robinson, a supervisor at DCFS, denied his requests to place his daughters with a Muslim foster mother. Plaintiff also claims that his other requests to observe Muslim religious beliefs were never communicated to his daughters' foster mothers. Plaintiff further alleges that during Maalie's time in foster care in 2003, she was raped by a foster mother's boyfriend.

On August 26, 2007, plaintiff's wife was driving a car with all three daughters and a grandson, and was involved in a car accident. All three of plaintiff's daughters died in the car accident.

As a result of the alleged actions by defendants, plaintiff is claiming defendants deprived him of his constitutional right to religious freedom under the First Amendment and the RFRA.

## II. ANALYSIS

To state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the complaint must provide sufficient details about the claim such that defendant has "fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Although this standard does not require a detailed factual allegation, a complaint that merely offers legal conclusions or a "recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S.__, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). In reviewing a Rule 12(b)(6) motion, the court accepts plaintiff's well-pleaded facts as true, and draws all reasonable inferences in his favor. Pugel v. Bd. of Trs. of Univ. of Ill., 378 F.3d 659, 662 (7th Cir. 2004).

### A. Claims Against DCFS and Official Capacity Claims Against Robinson and Quartetti

As to plaintiff's claims against DCFS and Robinson and Quartetti in their official capacities, defendants contend plaintiff's complaint should be dismissed pursuant to Eleventh Amendment immunity. The court agrees that defendants are entitled to sovereign immunity under the Eleventh Amendment because, although not expressly stated in the language of the Eleventh Amendment, it has been held that federal courts are prohibited from deciding suits brought by private litigants against states or their agencies. See Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004) (stating that the Eleventh Amendment allows suits for prospective injunctive relief, but does not allow for money damages or its equivalent if the state invokes sovereign immunity); Garcia v. City of Chi., 24 F.3d 966, 969 (7th Cir. 1994). The Eleventh Amendment grants the state the power to assert a sovereign immunity defense to such suits against the state. Wis. Dep't. of Corr. v. Schacht, 524 U.S. 381, 389 (1998).

A suit against the state or its agency[1] can only proceed if the state consents to suit in federal court, Congress uses its powers under the Fourteenth Amendment to abrogate the state's immunity, or a plaintiff seeks prospective injunctive relief for an ongoing violation of federal law. Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't., 510 F.3d 681, 695 (7th Cir. 2007). It is undisputed that neither DCFS nor the state have consented to plaintiff's suit in federal court. Also, Congress did not abrogate the defendants' immunity when it enacted § 1983 or the RFRA. Quern v. Jordan, 440 U.S. 332, 341 (1979); C.L.U.B. v. City of Chi., No. 94 C 6151, 1996 WL 89241, at *16-17 (N.D. Ill. Feb. 27, 1996). Further, plaintiff does not seek prospective injunctive relief from an ongoing federal violation by defendants. As a result, even if plaintiff stated valid claims, the Eleventh Amendment bars plaintiff's claims against DCFS and the other defendants in their official capacities.

### B. Individual Capacity Claims Against Robinson and Quartetti

As to the individual capacity claims, defendants contend plaintiff's complaint should be dismissed based on the expired statute of limitations. Plaintiff has alleged defendants violated his right to religious freedom under both § 1983 and the RFRA. Therefore, the statute of limitations will be addressed with respect to each claim.

#### 1. § 1983 Claim

A complaint may be dismissed pursuant to Rule 12(b)(6) when it "plainly reveals that an action is untimely under the governing statute of limitations." United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005); see also Cancer Found., Inc. v. Cerberus Capital Mgmt., LP, 559 F.3d 671, 674-75 (7th Cir. 2009) (stating that because the statute of limitations is an affirmative defense, the complaint should only be dismissed "when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness"). Although § 1983 does not provide an express statute of limitations, claims under § 1983 are to be governed by the forum

state's statute of limitations for personal injury claims. See Evans v. City of Chi., 434 F.3d 916, 934 (7th Cir. 2006); Henderson v. Bolanda, 253 F.3d 928, 931 (7th Cir. 2001). Illinois' applicable statute of limitations period for personal injury claims is two-years from the date the cause of action accrued. 735 ILCS 5/13-202; see Ashafa v. City of Chi., 146 F.3d 459, 462 (7th Cir. 1998). Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir. 1992).

Plaintiff alleges that his religious freedom was violated in the year 2002 when DCFS refused to put his daughters with a Muslim foster family. Plaintiff further alleges, in his original complaint, that in the year 2003 his daughter was raped while in foster care. Even if the rape in 2003 was related to plaintiff's First Amendment claim, it would still be barred by the two-year statute of limitations period. More than two years passed between the alleged constitutional violations in 2000 through 2003 and the filing of plaintiff's original complaint on August 22, 2008.[2] Since plaintiff failed to bring his § 1983 claim within the applicable two-year statute of limitations period, his claim is time-barred and must be dismissed pursuant to Rule 12(b)(6).

### 2. RFRA Claim

Plaintiff's RFRA claim, although separate from his § 1983 claim, is barred on similar statute of limitation grounds. The RFRA does not contain a statute of limitations, but Congress has established a general statute of limitations of four years under 28 U.S.C. § 1658(a). This statute states, "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues. " 28 U.S.C. § 1658(a). The RFRA was enacted in 1993 and therefore the four-year statute of limitations under § 1658 applies to plaintiff's RFRA claim. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 380 (2004); Pineda-Morales v. De Rosa, No. Civ 03-4297 (JBS), 2005 WL 1607276, at *8 (D.N.J. July 06, 2005) (citing Jama v. U.S. INS, 343 F. Supp. 2d 338, 365 (N.D.J. 2004) ("RFRA has a statutory four-year statute of limitations.")). More than four years passed between the alleged constitutional violations in 2000 through 2003 and the filing of plaintiff's original complaint on August 22, 2008. Since plaintiff failed to bring his RFRA claim within the applicable four-year statute of limitations period, his claim is time-barred and must be dismissed pursuant to Rule 12(b)(6).

Further, even if plaintiff timely filed his claim under the RFRA, defendants are still entitled to dismissal because the Supreme Court rendered the RFRA unconstitutional as applied to states or their agencies, and the Seventh Circuit has specified that the RFRA is only applicable to claims against the federal government. O'Bryan v. Bureau of Prisons, 349 F.3d 399, 400-01 (7th Cir. 2003); see City of Boerne v. Flores, 521 U.S. 507, 536 (1997). Plaintiff has only alleged a claim against DCFS and its officials, and therefore, even if plaintiff's claim was timely under the applicable four-year statute of limitations, his claim must be dismissed because the RFRA is not applicable against the state.

### III.  CONCLUSION

For the reasons stated above, defendants' motions to dismiss are granted.

1. Eleventh Amendment immunity protects not only states and their agencies, but also state officials acting in their official capacities. Garcia, 24 F.3d at 969.

2. Plaintiff filed a petition to proceed in forma pauperis (IFP) on August 22, 2008. His complaint was entered on the docket December 15, 2008. For statute of limitations purposes the date that matters here is August 22, 2008. Williams-Guice v. Bd. of Educ., 45 F.3d 161, 164-65 (7th Cir.1995); see also Paulk v. Dep't. of Air Force, Chanute Air Force Base, 830 F.2d 79, 83 (7th Cir. 1987).